The parties met at the time and place stipulated, staked their bonds in the hands of the defendant, and weighed their riders, according to the terms of the articles. They then attempted to start the nags, and made many attempts to do so without success; Parker's nag being very restive and ungovernable, and refusing to start from a standing position (as it had usually done before on like occasions), but would have started readily if walked down the paths. Critcher's nag was easily managed, and would have run off without difficulty if walked down the paths with Parker's; this he refused to do, or to make any other effort to lock the other nag, further than by placing his own in a proper situation to be locked, which he frequently did; but always when the other was standing. The plaintiff in the evening ran his nag over the ground without being locked, demanded the stakes, and brought this action of detinue to recover them.
On the trial the defendant offered testimony to prove that Parker used every effort in his power to lock the other nag and start; that his conduct was fair, and not fraudulent, and that his failure to lock was entirely owing to the restiveness of his nag. This evidence the court rejected, holding him bound to lock the other nag and run.
The defendant's counsel then took two exceptions to the plaintiff's right of recovery. First, that the nags had never been locked, and that, by the terms of the articles, they were not bound to run until the nags were locked. It appearing that the plaintiff had frequently put his horse in a situation that Parker might have locked him, if his nag had not been restive and unruly, and that Parker had never put his nag in a situation to be locked, the court was of opinion that Parker was bound by his agreement to lock the other horse, and that the restiveness of his own was no excuse for him. Secondly, that the plaintiff had not weighed his rider after he ran his nag over the ground. To account for this neglect, the plaintiff offered to prove a parol agreement, made the day the race was run, to wit, that as it was a rainy day, and they carried live weight except theirsaddles, the riders should not be weighed at the coming out. This evidence was rejected by the court, because it would establish, by parol testimony, a material fact variant from the written *Page 31 
obligation. The plaintiff then proposed that it should be submitted to the jury, on the presumption that he had (33) carried his weight, as his rider and saddle had been weighed before his horse was run over the ground, and he had carried the rider and saddle through the poles. And to support this presumption a Mr. Hunter, said to be skilled in horse racing, was sworn, who stated that if there was reasonable ground to believe the plaintiff's horse had carried his weight, it was sufficient.
The evidence was submitted to the jury, and they found a verdict for the plaintiff. The defendant's counsel moved for a new trial, and the cause was referred to this Court.
The weight to be carried by the plaintiff's nag being a certain number of pounds, his rider ought to have been weighed after he came through the poles. The parol testimony offered by the plaintiff, of an agreement not to weigh out, was properly rejected by the court. The plaintiff was as much bound to lock Parker's nag as Parker his; and having run his nag without being locked, and without any fraud on the part of Parker, is not entitled to recover. Therefore, the rule for a new trial is made absolute.